22191

Beverly C. McLAUGHLIN, Appellant, v. Robert D. McLAUGHLIN, Jr., Respondent.

(323 S. E. (2d) 781)

Supreme Court

*George G. Reaves,* Florence, *for appellant.*

*Evander G. Jeffords,* Florence, *for respondent.*

Heard Oct. 31, 1984.

Decided Nov. 29, 1984.

CHANDLER, Justice:

Appellant-Wife initiated this action for separate support and maintenance, custody of the two children, exclusive use of the marital home and attorney's fees. Prior to Respondent-Husband's filing an answer, she filed an amended petition for custody *pendente lite.* Husband entered a general denial and cross-petitioned for custody.

We affirm as modified.

On November 16, 1981, the Family Court awarded temporary custody to Wife. On April 16, 1982, the Family Court issued its permanent order, which: (1) awarded Wife permanent custody of the two children; (2) awarded Wife a forty percent equitable interest in the marital residence from which, however, was deducted the $3,000.00 value of her automobile; (3) awarded Wife $200.00 per month child support; (4) awarded Wife the children's bedroom suites and certain china and crystal; (5) denied Wife use of the marital home; and (6) denied Wife attorney's fees.

Wife appeals on several grounds. Husband appeals only the award of custody, child support and the denial of his right to a future determination of alimony.

■ A divorce action is a matter in equity heard by the Family Court judge alone; this Court's scope of review extends to the finding of facts based on its own view of

the preponderance of the evidence. *Mitchell v. Mitchell,* S. C., 320 S. E. (2d) 706 (1984); *Townes Associates Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The parties were married in November 1968. Wife worked full-time during the first two years of the marriage but, by mutual consent, gave up her employment after the birth of the first child. After birth of the second child, and up to the marriage breakup, she worked as a part-time legal secretary.

Husband, employed as a railroad engineer for most of the marriage, was the primary bread-winner. The marital home was built on his inherited property. His earnings paid the mortgages and household expenses.

In addition to her salary, Wife received rental and interest income from land and money she inherited. This she used to buy things for the children and herself, furnishings for the marital home, and to help pay for some home improvements and the down payment on a boat. For the most part, however, none of Wife's income was spent on household expenses.

According to the parties' financial statements, Husband earned nearly three times as much as Wife. His expenses approximated his income, while Wife's expenses exceeded hers. The Statements included amounts owed on credit cards, which have now been paid.

### EQUITABLE DISTRIBUTION

The Family Court properly held Wife was entitled to a forty percent equity in the marital home, or $10,600.00.

However, from this amount was deducted the $3,000.00 value of her car, reducing her net equity to $7,600.00. It was error to make this deduction, and Husband shall pay to Wife this sum of $3,000.00 at the $150.00 per month rate set by the Family Court for payment by Husband of her equity in the marital home.

"When making an equitable distribution, the Trial Court must consider the relative incomes of the parties, their material contributions and debts, and the facts and circumstances of the particular case." [Citations omitted]. *Mitchell v. Mitchell, supra.* The court, in its discretion, weighs those contributions and distributes marital as-

sets accordingly. *Atkinson v. Atkinson*, 279 S. C. 454, 455, 309 S. E. (2d) 14 (S. C. App. 1983).[1]

## CHILD CUSTODY

Husband appeals the custody award.

In any decision regarding custody of minors, their interest is the paramount consideration. Custody is based on a determination of the character, fitness, attitude and inclinations on the part of each parent; material considerations are often secondary. *Johnson v. Johnson*, 251 S. C. 420, 163 S. E. (2d) 229 (1968).

We find the custody award fully supported in the record.

## CHILD SUPPORT

Upon oral argument, counsel for Husband agreed the $200.00 per month sum awarded for child support was inadequate. Based upon the present financial conditions of the parties, we find that the child support should be increased to $400.00 per month.

We find the remaining exceptions to be without merit and affirm under Rule 23.

Affirmed as modified.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.

---

[1] Due to printing error, *Atkinson* is found in Volume 279, No. 10 at page 355 of the S. C. Reports Advance Sheets.