22971

James Coyt GANDY, Respondent v. Lynn H. GANDY, Appellant.
(377 S. E. (2d) 312)

Supreme Court

---

*Randall M. Chastain,* Columbia, *for appellant.*

*Sidney S. Tison, Jr.,* Hartsville, *for respondent.*

Heard Nov. 14, 1988.

Decided Feb. 21, 1989.

HARWELL, Justice:

This appeal concerns the custody and support of the parties' two minor children. We remand.

## FACTS

The parties were married in October of 1976 and separated in April of 1984. There are two children of the marriage, Brad and Russell (Rusty), who were ages 5 and 6, respectively, at the time of separation.

In a temporary order dated April 30, 1984, custody of both children was awarded to respondent (Mr. Gandy), with reasonable visitation allowed to appellant (Mrs. Gandy).

A final hearing was held on April 21, 1986 and an order was issued leaving custody with Mr. Gandy and allowing Mrs. Gandy liberal visitation. Mrs. Gandy was ordered to pay $25 per week in child support. This appeal follows.

Evidence introduced at the hearing showed that although Mr. Gandy has had custody of the children since separation, Mr. Gandy's mother has actually taken care of the children. The testimony of Mr. Gandy and the paternal grandmother indicated the following with regard to the children's daily routine: Mr. Gandy goes into work around 8:00 a.m. every morning and gets off around 6:00 p.m. Before work, he takes Rusty to school and Brad to his mother's house. She takes Brad to and from kindergarten in the afternoon. The paternal grandmother cares for the children, feeds them supper, helps them with their homework, and gives them their baths. Mr. Gandy then takes the children back to his home between 7:00 p.m. and 8:00 p.m. and the children are in bed by 8:30 p.m. As noted in a home study ordered by the court,

"it is apparent that Mr. Gandy does need his mother to help care for the children."

At trial, Mr. A. R. Harris, an expert witness engaged by the court testified that "either parent is capable and adequate to parent these children" and recommended joint custody. Mr. Harris's evaluation noted that both the maternal and paternal grandparents had shown a strong interest in the lives of their children and grandchildren, resulting in "cross-generational parenting," "mixed messages" and "general identity confusion for Brad and Rusty." Harris then recommended that the court place the children with the parent willing to provide them with a consistent parental relationship and to stay with them after a normal working day rather than using babysitters—even "built-in" babysitters such as relatives. Harris further recommended that the court consider giving custody to the parent best able to set up a domicile away from his or her own parents. Harris further noted that while the "grandparents should continue to maintain an ongoing relationship with their grandchildren, [they] should be restored to a secondary as opposed to primary role in Brad and Rusty's life [sic]."

In his order, the trial judge made three findings with regard to custody. In one finding, he noted that the children had made some improvement since the separation, but still suffered from the family instability. The remaining findings regarding the children were as follows:

5. During non-school hours, while Mr. Gandy is at work, the children are cared for by Mrs. Jean Gandy, the paternal grandmother. Mrs. Jean Gandy is not employed outside the home and is able to devote whatever time.is necessary to care for the children until Mr. Gandy picks them up and takes them home to spend the night in the marital home.

6. Mrs. Lynn Gandy is now employed full time and her mother, Mrs. Hamrick, would make herself available to assist with the children should Mrs. Gandy have custody.

From these findings the judge concluded that the best interest of the children would be served by giving custody to Mr. Gandy. The order does not include any findings regarding the fitness of either parent to be primary custodian.

## DISCUSSION

In custody decisions, the best interest of the child is the paramount consideration. S. C. Code Ann. § 20-3-160 (1976); *McLaughlin v. McLaughlin*, 283 S. C. 404, 323 S. E. (2d) 781 (1984); *Thompson v. Brunson*, 283 S. C. 221, 321 S. E. (2d) 622 (Ct. App. 1984). Custody is based on a determination of the character, fitness, attitude and inclinations on the part of each parent. *McLaughlin, supra.* When both parties are fit and proper to have custody, the trial judge must make the election. *Jones v. Ard*, 265 S. C. 423, 219 S. E. (2d) 358 (1975).

In reviewing a custody determination, which is an action in equity, tried to the family court judge alone, we have jurisdiction to find facts in accordance with our own view of the preponderance of the evidence. *McLaughlin, supra; Townes Associates v. Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). In making this review, we have only the record before us for guidance. Included in this record is an order of the family court judge, issued pursuant to Family Court Rule 26.[1] Rule 26(a) directs judges to "set forth the specific findings of fact and conclusions of law to support the court's decision." The failure of a decree to adequately comply with Rule 26(a) constitutes reversible error. *Sutcliffe v. Sutcliffe*, 260 S. C. 198, 195 S. E. (2d) 113 (1973).

The decree in this case made no factual findings with regard to either parent's "character, fitness, attitude or inclinations." *McLaughlin, supra.* No findings were made with regard to either parent's suitability to care for the children. Instead, the court made findings only with regard to the maternal and paternal grandmothers. For the judge to expressly make factual findings regarding to the grandparents, but not the parents, is error.

Because the order lacks any findings to support awarding custody to the father, we can only assume that the judge based his decision on the ablity of the paternal grandmother to "devote whatever time is necessary to care for the children" (See finding #5, *supra*). Both this Court and the Court of Appeals has recognized that grandparents have certain rights regarding their grandchildren. *Cook v. Cobb*, 271 S. C. 136, 245 S. E. (2d) 612 (1978) (grandparents have standing to

---

[1] Formerly Family Court Rule 27.

claim entitlement to custody); *Driggers v. Hayes*, 264 S. C. 69, 212 S. E. (2d) 579 (1975) (no abuse of discretion by family court in awarding custody of minor child to grandparents); *Brown, et al v. Earnhardt*, 374 S. E. (2d) 513 (S. C. App. 1988) (grandparents are entitled to seek visitation with minor grandchildren); however, grandparents ". . . are not authority figures and do not possessively assert exclusive rights to make parental decisions." *Brown*, 374 S. E. (2d) at 515, citing *Mimkon v. Ford*, 66 N. J. 426, 437, 332 A. (2d) 199, 204 (1975).

Here, the judge's inclusion of findings with regard to the grandparents and not the parents is especially troublesome in light of the expert testimony. Despite recommendations that the children be placed with the parent most willing to set up a separate home, and that the grandparents be restored to a secondary role in the children's lives, the judge failed to include any findings on either parent's ability to comply with these recommendations.

Although we can find facts and make a custody determination in accordance with our own view of the evidence, the record and order before us do not provide an adequate basis for determining the best interest of the children. *See O'Neill v. Cooper*, 282 S. C. 275, 317 S. E. (2d) 771 (Ct. App. 1984). The judge's failure to adequately comply with Rule 26(a) necessitates a remand of this case for a de novo hearing on the question of custody. Because the issue of child support is necessarily tied to the custody determination, we also remand this issue. Appellant's remaining exceptions are dismissed pursuant to Supreme Court Rule 23.

Remanded.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.