23735

Sherri MALPASS, Respondent v. James A. HODSON, Jr., and
Lynda S. Hodson, Appellants.

(424 S.E. (2d) 470)

Supreme Court

*Thomas B. Bryant, III,* of *Bryant, Fanning & Shuler,* Or-
angeburg, *for appellants.*

*Lewis C. Lanier,* of *Horger, Horger & Lanier,* Orangeburg, *for respondent.*

Heard Sept. 22, 1992.

Decided Nov. 9, 1992.

CHANDLER, Justice:

On appeal is an Order transferring custody of six-year-old Brandon Hodson from his maternal grandparents, the Appellants, to his mother, the Respondent. We affirm.

## FACTS
Appellants (Grandparents) received custody of their grandson, Brandon, when he was approximately nine months old. At that time Respondent, Sherri Malpass (Mother), was in an abusive marriage, unable to care for the baby.

Since that time, Mother has divorced the abusive spouse and remarried. She and her current husband, Billy Malpass, have been married for five years and have a four-year-old daughter.

Since 1987, Mother has sought full custody of Brandon. The parties initially entered into a "joint custody" agreement whereby Mother would keep Brandon every other weekend. In January of 1991, this arrangement was expanded, temporarily, to visitation every weekend by Mother.

In November of 1991, the parties appeared before the Family Court to determine the sole and permanent custody of Brandon. The Court found that the best interests of Brandon would be served by transferring custody to his Mother. Grandparents appeal.

## ISSUE
The sole issue here is whether the child's best interests are served by transferring custody to Mother.

## DISCUSSION
It is well settled that in custody controversies the paramount consideration is the welfare of the child. There is a rebuttable presumption that a child's best interests are served by placing custody with a biological par-

ent. *Moore v. Moore*, 300 S.C. 75, 386 S.E. (2d) 456 (1989); *Kay v. Rowland*, 285 S.C. 516, 331 S.E. (2d) 781 (1985).

This Court has established that, in custody disputes where a natural parent seeks to reclaim custody from a third party, the following considerations govern:

(1) The parent must be fit and able to properly care for the child and provide a good home;

(2) The amount of contact, as measured by visitation, financial support, or both, which the parent had with the child while in the care of a third party;

(3) The circumstances under which temporary relinquishment occurred; and,

(4) The degree of attachment between the child and the third party.

*Moore v. Moore*, 300 S.C. at 79, 80, 386 S.E. (2d) at 458 (internal citations omitted).

In reviewing actions in equity, such as custody determinations, this Court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence. *Gandy v. Gandy*, 297 S.C. 411, 377 S.E. (2d) 312 (1989). Adverting to the record here and based upon the factors set forth in *Moore*, we agree with the Family Court judge that the evidence sufficiently supports a transfer of custody to the Mother.

As to the first factor, we find nothing to suggest that Mother is an unfit parent. She has been married to Billy Malpass for five years and stays at home to raise their four-year-old daughter. Mr. Malpass, employed full-time and also a member of the National Guard, is willing and able to support Brandon. The couple recently purchased a three-bedroom house.

Grandparents, contending that Mother is unstable, repeatedly cite conduct from the past, in part dating back to Mother's childhood. We find these charges irrelevant since the record shows that, currently, Mother is fit and able to provide Brandon a good home.

Referring to the second factor, the judge found that Mother has maintained contact in the form of visits and financial support. We agree. Although not bound by the judge's findings, we give deference to his conclusions since

he could judge the credibility and candor of the witnesses firsthand.

As to the third factor, the record clearly establishes that Mother transferred custody of Brandon at a time when she was the victim of an abusive spouse. This situation has changed: Mother is now in a stable marriage and capable of providing a good home for Brandon.

In addressing the fourth *Moore* factor, the degree of attachment between Brandon and his Grandparents, the Family Court noted that the relationship is very close. However, the court, relying upon the testimony of witnesses as well as the reports of a psychologist and the Guardian ad Litem (GAL), found that Brandon has a strong attachment to his Mother. Specifically, the GAL testified that Brandon has bonded with Mother despite his having lived with Grandparents. We find the fourth *Moore* factor satisfied.

Relying on the factors established in *Moore, supra,* and the preponderance of the evidence, we affirm the Family Court Order granting Mother custody of her son.

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.