## 23849

Marviette HOGAN and Mike Hogan, Respondents v. Owen PLATTS, Appellant. In re Jessica PLATTS, a minor under the age of 14 years.

(430 S.E. (2d) 510)

Supreme Court

*Walter Bedingfield*, Barnwell, *for appellant.*

*William S. Kemp*, of *Early, Kemp and Ness*, Bamberg, *for respondents.*

*Bruce Perry*, Denmark, *guardian ad litem for minor.*

Heard Dec. 9, 1992.

Decided May 3, 1993.

FINNEY, Justice:

Appellant Owen Platts appeals the order of the Family Court awarding custody of his minor child, Jessica Platts, to Respondents Marviette Hogan and Mike Hogan. We remand.

Appellant was married to Jessica's mother, Mary Alice Platts. Jessica was born October 28, 1988, and seriously injured in an automobile accident on November 5, 1988, in which Mary Alice Platts was killed. When Jessica was released from the hospital on November 11, 1988, the appellant consented for her to be placed in the custody of the respondents where she has remained. The respondents are Jessica's maternal aunt and uncle-in-law, respectively, and also have custody of Jessica's sister, Angela Murray, who is Mary Alice Platts' teenage daughter from a previous marriage.

On February 17, 1989, respondents instituted this action seeking custody of Jessica. Appellant answered by general denial and counterclaimed for custody. A hearing was held on June 26, 1990, and concluded on August 20, 1990. The evidence adduced indicated that appellant and Mary Alice Platts had a troubled marital relationship with several periods of separation. There was testimony of a history of physical abuse on the part of the appellant toward his wife and mental abuse of Angela, his stepdaughter. The parties were living apart when Jessica was born and still separated at the time of the accident. The appellant testified that he was not aware of Jessica's birth until he was informed of the accident. On June 20,

1989, the Family Court had ordered that the appellant be granted weekly visitation rights with Jessica in the home of the respondents. The appellant testified at the final hearing that he had never exercised the visitation rights because he did not have the time.

By order dated December 31, 1990, the Family Court, *inter alia,* awarded custody of Jessica to the respondents with visitation privileges to the appellant. Based upon evidence presented at the hearing, the recommendation of the guardian ad litem and the results of home studies performed by the Department of Social Services of Hampton and Bamberg Counties, the court found that respondents were "fit and proper persons, and that it is clearly in the best interest of the minor child" for custody to remain with the respondents.

On appeal, the appellant argues that the family court judge failed to comply with the requirements set forth in *Moore v. Moore,* 300 S.C. 75, 386 S.E. (2d) 456 (1989), and erred in awarding custody to the respondents in the absence of a finding that the appellant was unfit.

There is a rebuttable presumption that the right to custody of their minor child automatically reverts to the surviving parent when the custodial parent dies. *Oehler v. Clinton,* 282 S.C. 25, 317 S.E. (2d) 445 (1984). In *Kay v. Rowland,* 285 S.C. 516, 331 S.E. (2d) 781 (1985), this Court recognized that natural parents have superior rights in child custody disputes with third parties.

Nevertheless, the best interest of the child remains the primary and controlling consideration in child custody controversies. *Peay v. Peay,* 260 S.C. 108, 194 S.E. (2d) 392 (1973). We enunciated in *Moore v. Moore, supra,* the following criteria for courts to consider in determining custody when the claim of a natural parent is involved:

1) Whether or not the parent is fit, able to properly care for the child and can provide a good home;
2) The amount of contact in the form of visits, financial support or both, which the parent had with the child while it was in the care of the third party;
3) The circumstances under which temporary relinquishment of custody occurred; and

4) The degree of attachment between the child and the temporary custodian.

The order in the case presently before us fails to indicate that the family court judge considered each of the foregoing factors in reaching the decision to award custody to the respondents. Likewise, there is no finding of fact with regard to the fitness or unfitness of the appellant to maintain custody of his natural child.

For the foregoing reasons, we remand this case to the Family Court of Bamberg County for reconsideration in light of the factors set forth in *Moore v. Moore, supra,* an explicit finding of whether or not the appellant is deemed fit or unfit to be granted custody of the minor child, and judgment in accordance with such finding.

Remanded.

HARWELL, C.J., CHANDLER and MOORE, JJ., concur.

TOAL, J., concurs in result only.