THIS OPINION
HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

 

 

THE STATE OF SOUTH CAROLINA

In The Court of Appeals

 

 
 
 Brian Barber,
 
 
 Appellant,
 
 

 

v.

 
 
 Ella Smith and Sheila
 Eison,
 
 
 Respondents.
 
 

 

__________

 

Appeal From Union County

Richard W. Chewning, III, Family Court
Judge

 

__________

 

Unpublished Opinion No. 2010-UP-157

Submitted February 1, 2010  Filed
February 23, 2010

__________

 

REMANDED

__________

 

Fletcher N. Smith, Jr., of Greenville, for
Appellant.

 

David Michael Collins, Jr., and N. Douglas
Brannon, both of Spartanburg, for Respondent, Sheila Eison.

 

Joanne Hughes Burkett, of Spartanburg, for
Guardian Ad Litem.  

 

 

PER CURIAM:  In this
custody action, Brian Barber appeals the family court's award of custody of his
minor child (Child) to Child's maternal aunt, arguing the family court erred in
awarding custody to a nonparent without making a finding Barber was unfit.  We
remand[1] to the family court for a determination of Barber's
fitness and for specific findings of fact.

 

In an appeal from
the family court, an appellate court may correct errors of law and find facts in accordance with its own view of the
preponderance of the evidence.  Semken v. Semken, 379 S.C. 71, 75, 664
S.E.2d 493, 496 (Ct. App. 2008).  This standard of review does not require the
appellate court to ignore the fact that the family court judge, who saw and
heard the witnesses, was in a better position to evaluate their credibility and
assign comparative weight to their testimony.  Marquez v. Caudill, 376
S.C. 229, 239, 656 S.E.2d 737, 742 (2008).  In particular, an appellate court
should be reluctant to substitute its own evaluation of the evidence on child
custody matters for that of the family court.  Woodall v. Woodall, 322
S.C. 7, 10, 471 S.E.2d 154, 157 (1996). 

 

In contemplating a change of
custody, the family court must examine the effect the change would have upon
the child:  

 

The
paramount and controlling consideration in a custody dispute is the best
interests of the child.  The family court must consider the character, fitness,
attitude, and inclinations on the part of each parent as they affect the child.
 Psychological, physical, environmental, spiritual, educational, medical,
family, emotional, and recreational aspects of the child's life should also be
considered.  In sum, the totality of circumstances unique to each particular
case constitutes the only scale upon which the ultimate decision can be
weighed.  

 

In
order for a court to grant a change in custody, the moving party must
demonstrate changed circumstances occurring subsequent to the entry of the
order in question.  A change in circumstances justifying a change in the
custody of a child simply means that sufficient facts have been shown to
warrant the conclusion that the best interests of the children would be served
by the change.  The change of circumstances relied on for a change of custody
must be such as would substantially affect the interest and welfare of the
child.  

 

Spreeuw v. Barker, 385 S.C. 45, 59-60, 682 S.E.2d 843, 850 (Ct. App.
2009) (internal citations and quotes omitted); see also Moore v.
Moore, 300 S.C. 75, 79-80, 386 S.E.2d 456, 458 (1989) (enunciating the
factors a family court must evaluate in making custody determination between a
parent and a nonparent).  

 

An appellate court reviewing
a custody determination has authority to find facts in accordance with its own
view of the preponderance of the evidence.  Gandy v. Gandy, 297 S.C.
411, 414, 377 S.E.2d 312, 314 (1989).  However, this scope of review does not
enable the appellate court to overlook the requirements of Rule 26, SCRFC,
which directs the family court to "'set forth the specific findings of
fact and conclusions of law to support the court's decision.'  The failure of a
decree to adequately comply with Rule 26(a) constitutes reversible error." 
Id. (internal citations omitted); see also Hogan v. Platts,
312 S.C. 1, 4, 430 S.E.2d 510, 511 (1993) (requiring remand where family
court's order awarding custody to child's aunt and uncle following mother's
death omitted any finding concerning father's fitness for custody).  

 

Our supreme court's decisions
in similar matters have made it clear an appellate court does not have the
authority to substitute its own findings of fact where the family court failed
to rule on whether a parent was fit to have custody.  See, e.g., Gandy, 297
S.C. at 414, 377 S.E.2d at 314; Hogan, 312 S.C. at 4, 430 S.E.2d at
511.  Here, the family court awarded Eison custody and Barber unsupervised
visitation but made no finding Barber was unfit to have custody of Child. 
Absent such a determination, it would be inappropriate for this court to make
its own findings of fact on this issue.  Rather, we are required to remand this
matter to the family court for a determination of Barber's fitness and for
specific findings of fact supporting the family court's decision.  

 

REMANDED.

 

PIEPER and GEATHERS, JJ.,
and CURETON, A.J., concur.  

 

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.