2276

Patricia M. MOREHOUSE, Appellant-Respondent v.
Bruce L. MOREHOUSE, Respondent-Appellant.

(452 S.E. (2d) 632)

Court of Appeals

*Allen C. Pate* and *Mary Layton Wells,* of *Scott & Roberts,* Florence, *for appellant-respondent.*

*Joseph T. McElveen, Jr.,* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for respondent-appellant.*

Heard Nov. 2, 1994.

Decided Dec. 19, 1994.

CONNOR, Judge:

In this domestic action, both Patricia M. Morehouse and Bruce L. Morehouse appeal various aspects of the family court's order. After a thorough review of the record, briefs, and arguments of counsel, we affirm.

Wife brought this action against Husband for, among other things, separate support and maintenance, alimony, custody of

the parties' three-year-old daughter, child support, visitation, equitable division of marital assets, and attorney fees. Husband counterclaimed for custody, child support, equitable division of the marital assets and attorney fees, and requested the court bar Wife from alimony. The family court awarded Wife temporary custody and established visitation and support pending a final hearing.

Wife subsequently moved to terminate visitation pending a Department of Social Services (DSS) investigation into allegations Husband physically and sexually abused the daughter. At the request of DSS, Husband accepted a voluntary restriction on his visitation, which the family court approved. In addition, the court ordered an evaluation by a mental health professional to assess the abuse allegations. After the investigation, the court removed the visitation restrictions.

Wife subsequently amended her complaint to seek a divorce on the ground of one year continuous separation. The family court held a final hearing and granted the parties a divorce, awarded custody to Husband, awarded Wife visitation, denied alimony, divided the marital estate fifty-fifty, ordered Wife to pay $10,000 of Husband's attorney fees, and ordered Husband to pay the guardian ad litem and expert witness fees. Both parties appeal.[1]

## I. Custody

Wife argues the family court erred in awarding custody of their young daughter to Husband, claiming the best interest of the child favored awarding custody to her. The best interests of the child are paramount in custody disputes. *Epperly v. Epperly*, 312 S.C. 411, 440 S.E. (2d) 884 (1994). The family court must consider the character, fitness, attitude and inclinations on the part of each parent as they impact the child. *Id.*

In reviewing the family court's factual determinations, we may take our own view of the preponderance of the evidence. *Hough v. Hough*, 312 S.C. 344, 440 S.E. (2d)

---

[1] Wife sought an order from the family court for a stay of the decree, which the family court denied. Wife then petitioned the Supreme Court for an order of supersedeas, seeking a return of custody of the child to her. The Supreme Court denied the petition for supersedeas and ordered custody of the child to remain with Husband during the pendency of the appeal.

387 (Ct. App. 1994). We need not, however, disregard the findings of the trial court. *Id.* Particularly where evidence is disputed, we may adhere to the findings of the trial judge, who saw and heard the witness and was in a superior position to judge their credibility *Id; Sealy v. Sealy,* 295 S.C. 281, 368 S.E. (2d) 85 (Ct. App. 1988). We should be reluctant to substitute our own evaluation of the evidence on child custody for that of the trial court. *Stroman v. Williams,* 291 S.C. 376, 353 S.E. (2d) 704 (Ct. App. 1987).

The family court judge noted the parties shared the responsibilities and duties concerning the child. He rejected Wife's claims Husband had abused the child, and stated he "was comfortable that the [Husband] did not do anything improper to his child and that he does not comprise a threat to her in any way." He further held the unfounded claims of abuse reflected the degree of animosity and anger Wife felt toward Husband and caused the child to be subjected to unnecessary examinations as well as repeated inquiries and counselling. In addition he noted Wife continued to live with her parents and found that environment "less than desirable" for the child. The judge also noted Husband continued to reside in the former marital home where the child grew up. He placed emphasis on Husband's unwavering commitment to maintaining a close relationship with the child. He further stated he "observed the demeanor and presentations of the parties and their witnesses, and had the benefit of the recommendation of . . . the Guardian ad litem, as well as Dr. Ralston" who had evaluated the child because of Wife's allegations of abuse and had found no evidence to support them. Moreover, the guardian recommended placing the child with Husband.

The family court stated that although Wife accused Husband "of almost every kind of misconduct, there is no evidence to establish that he had these problems." The court considered Wife's unwillingness to encourage a relationship between Husband and the Child, as well as Husband's assurance he would encourage a good relationship between the child and wife.

After a detailed review of the testimony, the family court judge concluded the child's best interest would be served by

placing her with Husband. He rejected the urge to place the child with Wife under the notion "better to be safe than sorry" because he concluded the evidence revealed Husband posed no threat to the child. The court further concluded Husband was the superior candidate for sole custody, and would provide the child with "the best opportunity for [the child] to have a 'normal' life and the only opportunity to have a warm and loving relationship with both of her parents." He also found Husband "the more tender, caring parent."

We have reviewed the record and, taking our own view of the preponderance of the evidence, agree with the family court judge's findings and conclusions.

## II. Alimony

Wife next argues the family court abused its discretion in denying her request for alimony based upon the parties' respective earnings and earning capacity.

Alimony is a substitute for the support which is normally incident to the marital relationship. *Johnson v. Johnson*, 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988), *cert. denied*, 298 S.C. 117, 378 S.E. (2d) 445 (1989). Ordinarily, the purpose of alimony is to place the supported spouse, as nearly as is practical, in the position of support he or she enjoyed during the marriage. *Id.* The question of whether to grant or deny alimony is committed, for the most part, to the discretion of the trial judge. *McKnight v. McKnight*, 283 S.C. 540, 324 S.E. (2d) 91 (Ct. App. 1984).

The court must consider the "current and reasonably anticipated earnings of both spouses" along with twelve other factors when deciding whether to award alimony. S.C. Code Ann. § 20-3-130(C) (Supp. 1993). The family court outlined the factors to which it gave weight in deciding to deny Wife's request. We have reviewed the record in light of all the enumerated factors and agree with the family court judge.

## III. Marital Property

Wife argues the family court erred in apportioning the marital property. She complains the court erred in accepting Husband's values over her values for an oriental rug he retained and for the jewelry which she retained. She also argues Hus-

band's figures included jewelry which she acquired prior to the marriage.

We find no error in the family court's valuation of the assets. See *Roe v. Roe*, 311 S.C. 471, 429 S.E. (2d) 830 (Ct. App. 1993) (the family court is given broad discretion in valuing the marital property, and the appellate court will affirm a finding as to value which is supported by the evidence); *Smith v. Smith*, 294 S.C. 194, 363 S.E. (2d) 404 (Ct. App. 1987) (the family court may accept one party's valuations of marital property over those of the other party); *Woodward v. Woodward*, 294 S.C. 210, 363 S.E. (2d) 413 (Ct. App. 1987) (the family court's valuation of property will be affirmed if it is within the range of the evidence).

Husband argues the court erred in designating any of the common stock of Morehouse-Sumter, Inc., as marital property, and in awarding Wife 50 percent of the estate. We find no error.

Husband acquired the stock during the marriage and owned it when the marital litigation commenced; hence, it is presumed to be marital property. S.C. Code Ann. § 20-7-473 (Supp. 1993). He thus had the burden of establishing the nonmarital character of the property. *Johnson v. Johnson*, 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988), *cert. denied*, 298 S.C. 117, 378 S.E. (2d) 445 (1989). The court found the value of Husband's stock was $48,000 and added "[t]his is also the value of the marital interest in the business." The court was aware Husband contended the stock transfer was a gift from his father. Hence, the family court implicity rejected this claim.

Moreover, Husband failed to establish the stock transaction was a gift so as to make the stock nonmarital under section 20-7-473(1). Corporate tax returns listed Husband as the 100 percent owner of the stock, and indicated he was the agent for service and the custodian of the books. Husband was also the sole owner of all outstanding, voting stock. In addition, Husband's father did not file any gift tax returns on the transaction.

The record amply supports the trial court's discretionary apportionment of marital property. The family court noted it considered the appropriate factors under S.C. Code Ann. § 20-7-472 (Supp. 1993). That statute requires

the family court to give weight to each of the pertinent factors for equitable apportionment of the marital estate in such proportion as it finds appropriate. How the individual factors are weighed depends on the facts of each case. *Johnson v. Johnson,* 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988), *cert. denied,* 298 S.C. 117, 378 S.E. (2d) 445 (1989). The statute vests in the trial court, not the appellate court, the discretion to decide what weight should be assigned to the various factors. On review, we look to the fairness of the overall apportionment. If the end result is equitable, it is irrelevant that we might have weighed specific factors differently than the trial court. *See also Morris v. Morris,* 295 S.C. 37, 367 S.E. (2d) 24 (1988) (even if adjustments could be made in the equitable apportionment, remand is unnecessary when the results reached by the family court are fair and equitable); *Walker v. Walker,* 295 S.C. 286, 368 S.E. (2d) 89 (Ct. App. 1988) (this Court will affirm if it can determine that the family court judge addressed the factors under § 20-7-472 with sufficiency for us to conclude the court was cognizant of the required factors for the particular case).

### IV. Attorney fees

Wife claims the family court erred in awarding Husband $10,000 for attorney fees, crediting the amount toward her award under the court's equitable apportionment, and denying her request for attorney fees. Husband claims the court erred in failing to require Wife to pay more of his litigation expenses.

We have reviewed the award in view of the record and the factors enumerated in *Glasscock v. Glasscock,* 304 S.C. 158, 403 S.E. (2d) 313 (1991). We find no abuse of discretion.

For the reasons stated, the judgment is

Affirmed.

CURETON, J., and HOWARD, Acting Judge, concur.