**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Earnest S. Fenderson, Appellant,

v.

India C. Evans, Sharon DeHart, and Jim DeHart, Respondents.

Appellate Case No. 2017-001405

———————

Appeal From Greenville County
Dana A. Morris, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-370
Submitted October 1, 2019 – Filed November 27, 2019

———————

**AFFIRMED**

———————

Nathalie M. Morgan, of Nathalie M. Morgan, LLC, and J. Falkner Wilkes, both of Greenville, for Appellant.

Shannon Matthews Chandler, of Law Office of Shannon D. Matthews, LLC, of Columbia, and Rebecca Brown West, of Harling & West, LLC, of Lexington, for Respondents Sharon DeHart and Jim DeHart.

Brian P. Johnson, of The Law Office of Brian P. Johnson, LLC, of Greenville, for Respondent India C. Evans.

———————

**PER CURIAM:** Earnest S. Fenderson (Father) appeals the family court's order denying him custody of his minor child (Child) and granting custody of Child to great-grandparents of Child, Sharon DeHart and Jim DeHart. Father contends the evidence of his unfitness on which the family court relied was too remote in time and the weight of the evidence supported awarding him custody. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. However, this broad scope of review does not require this [c]ourt to disregard the findings of the family court." (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009))); *Baker v. Wolfe*, 333 S.C. 605, 611, 510 S.E.2d 726, 729 (Ct. App. 1998) ("Particularly whe[n] evidence is disputed, we may adhere to the findings of the trial judge, who saw and heard the witnesses and was in a superior position to judge their credibility. We should be reluctant to substitute our own evaluation of the evidence on child custody for that of the trial court." (quoting *Morehouse v. Morehouse*, 317 S.C. 222, 226, 452 S.E.2d 632, 634 (Ct. App. 1994))); *Altman v. Griffith*, 372 S.C. 388, 398, 642 S.E.2d 619, 624 (Ct. App. 2007) ("The paramount and controlling factor in every custody dispute is the best interests of the children." (quoting *Nasser-Moghaddassi v. Moghaddassi*, 364 S.C. 182, 191, 612 S.E.2d 707, 711 (Ct. App. 2005))); *id.* at 403, 642 S.E.2d at 627 ("There is no single factor that controls in a custody dispute, for the analysis is necessarily a fact-driven inquiry covering the totality of the circumstances."); *Urban v. Kerscher*, 423 S.C. 615, 625, 817 S.E.2d 130, 135 (Ct. App. 2018) ("'The parent must prove that he [or she] is a fit parent, able to properly care for the child and provide a good home.' In determining the natural parent's fitness, courts consider the quality of the home the natural parent can provide as well as the parent's employment stability." (quoting *Moore v. Moore*, 300 S.C. 75, 79, 386 S.E.2d 456, 458 (1989))); *Baker*, 333 S.C. at 611, 510 S.E.2d at 730 ("While there is a presumption in favor of awarding custody to a natural parent over a third party, that presumption applies only if the parent is found to be fit.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.