

# The South Carolina Court of Appeals

JENNY ABBOTT KITCHINGS
CLERK

V. CLAIRE ALLEN
CHIEF DEPUTY CLERK

POST OFFICE BOX 11629
COLUMBIA, SOUTH CAROLINA  29211

1220 SENATE STREET
COLUMBIA, SOUTH CAROLINA 29201

TELEPHONE:  (803) 734-1890
FAX:  (803) 734-1839
www.sccourts.org

March 08, 2023

Mr. William Andrew Wallace Buxton, Esquire
1165 Broad Street, PMB 316
Sumter SC 29150

Mr. Paul L. Held, Esquire
136 N. Main St.
Sumter SC 29150

Ms. Jessica Jae Boylan, Esquire
907 Calhoun Street
Columbia SC 29205

Re:     Denzil W. Miller v. Emily Horn and Michael Horn
          Appellate Case No.  2021-000173

Dear Counsel:

Enclosed is the revised decision of the Court. All time lines remain the same as the previous opinion. The remittitur will be sent as provided by Rule 221(b) of the South Carolina Appellate Court Rules.

Very truly yours,

CLERK

cc:    Brett Lamb Stevens, Esquire
        Philip Bryan Atkinson, Esquire
        The Honorable Gordon B. Jenkinson

**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Denzil W. Miller, Respondent,

v.

Emily Horn and Michael Horn, Appellants,

and

Denzil W. Miller, Respondent/Intervenor.

Appellate Case No. 2021-000173

───────────────

Appeal From Sumter County
Gordon B. Jenkinson, Family Court Judge

───────────────

Unpublished Opinion No. 2023-UP-081
Heard February 14, 2023 – Filed March 8, 2023

───────────────

**AFFIRMED**

───────────────

Paul L. Held, of Law Ofc. of Paul L. Held, of Sumter, for Appellants.

Jessica Jae Boylan, of The Sullivan Law Firm, LLC, and Brett Lamb Stevens, of Stevens Law, LLC, both of Columbia, for Respondent/Intervenor Denzil W. Miller.

William Andrew Wallace Buxton, of The Law Office of William A.W. Buxton, LLC, of Sumter, for Respondent Denzil W. Miller.

Philip Bryan Atkinson, of Atkinson Law Firm, LLC, of Florence, as Guardian ad Litem.

_____

**PER CURIAM:**  Emily Horn (Mother) and Michael Horn (Stepfather; collectively, the Horns) appeal an order of the family court finding Mother unfit and awarding custody of Mother's minor child (Child) to Child's great-grandfather, Denzil W. Miller (Great-Grandfather).[1]  On appeal, the Horns argue the family court erred by (1) finding them in willful contempt, (2) failing to grant them a new trial due to various procedural errors in the pretrial and final hearings, and (3) finding Mother unfit and awarding custody of Child to Great-Grandfather.  We affirm.


1.  We hold the Horns' arguments regarding the family court's contempt findings and the sanctions imposed pursuant to the pretrial order are not preserved for appellate review because those orders were not appealed.[2]  *See* Rule 203(b)(3), SCACR (explaining a notice of appeal from the family court "shall be served in the same manner provided by Rule 203(b)(1)"); Rule 203(b)(1), SCACR (stating appeals from the court of common pleas "shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order"); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice.").

2.  We hold the family court did not err in finding Mother unfit and awarding custody to Great-Grandfather.  *See Dorchester Cnty. Dep't of Soc. Servs. v. Miller*,

_____

[1] There are two parties in this case with the same name.  Child's father is also named Denzil W. Miller.  He is the Respondent in this action.
[2] Although the Horns present the findings of contempt and denial of a new trial as distinct arguments in their statement of issues on appeal, the issues were argued together in the first section of their brief, and we address them together in this opinion.

324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996) ("On appeal from the family court, this [c]ourt has jurisdiction to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence."); *id.* ("Because the appellate court lacks the opportunity for direct observation of the witnesses, it should accord great deference to [family] court findings where matters of credibility are involved."); *Morehouse v. Morehouse*, 317 S.C. 222, 226, 452 S.E.2d 632, 634 (Ct. App. 1994) ("We should be reluctant to substitute our own evaluation of the evidence on child custody for that of the [family] court."); *Baker v. Wolfe*, 333 S.C. 605, 611, 510 S.E.2d 726, 730 (Ct. App. 1998) ("While there is a presumption in favor of awarding custody to a natural parent over a third party, that presumption applies only if the parent is found to be fit."); *Middleton v. Johnson*, 369 S.C. 585, 594, 633 S.E.2d 162, 167 (Ct. App. 2006) ("In all child custody cases, the welfare of the child and the child's best interest is the 'primary, paramount and controlling consideration of the court . . . .'" (quoting *Cook v. Cobb*, 271 S.C. 136, 140, 245 S.E.2d 612, 614 (1978))); *Baker*, 333 S.C. at 610, 510 S.E.2d at 729 (affirming the family court's finding that Mother was unfit because "there [wa]s evidence that . . . the children ha[d] suffered physical abuse at the hands of the Stepfather" and Mother's unwillingness or inability to protect her children from Stepfather "support[ed] the conclusion that the Mother [wa]s not fit to parent").

**AFFIRMED.**

**KONDUROS, HEWITT, and VINSON, JJ., concur.**