## 19216

Joyce R. POWELL, Respondent v. Perry Donald POWELL, Appellant

(181 S. E. (2d) 13)

*Messrs. Rodney A. Culbertson,* and *Clarence E. Clay,* of Greenville, *for Appellant,*

George F. Townes, Esq., Abrams, Bowen and Townes, of Greenville, *for Respondent,*

May 3, 1971.

Moss, Chief Justice:

The Greenville County Family Court, on March 23, 1970, granted to Perry Donald Powell, the appellant herein, a divorce from Joyce R. Powell, the respondent herein, on the ground of adultery. By the terms of the divorce decree the custody of the minor daughters of the marriage was fixed; the custody of Cynthia Powell, age 5, was awarded to the paternal grandparents, and the custody of Angela Powell, age 4, was awarded to the appellant.

The record shows that by a written agreement dated June 15, 1965, the appellant and respondent gave full custody and control of Cynthia Powell to Perry E. Powell and Lucille B. Powell, the paternal grandparents of the said child. The court found that the aforesaid agreement was valid and that it was for the best interest of the said child that continued custody and control remain with the said grandparents.

On May 27, 1970, the respondent, who had married one Ronnie Teague following the divorce decree, filed a petition in The Family Court alleging that she had agreed with the appellant, who had also remarried, not to contest the divorce action with the understanding that the provisions for custody which had existed *pendente lite* would not be disturbed, this being that the custody of Angela would remain with the respondent and the custody of Cynthia would remain

with the paternal grandparents. She further alleged that the awarding of the custody in the divorce decree of March 23, 1970, was contrary to the aforesaid agreement and was not in the best interest of the children. The appellant, by answer, denied the aforesaid allegations and affirmatively alleged that the respondent had married Ronnie Teague, he being the person with whom she had committed adultery, and who had made a vicious assault upon the appellant, and was awaiting trial for such.

A hearing was convened by The Family Court on the issues raised by the petition of May 27, 1970, and the answer of the appellant thereto. Present at the hearing were both parties, their spouses, and counsel. At the close of the hearing, the trial judge stated that he would take the matter under advisement pending an investigation by a member of his staff. An investigation was made but no further hearing was held. On August 11, 1970, The Family Court issued its order, holding:

"After the taking of testimony from the Petitioner and her husband and from the Respondent, and after having investigated the homes of both parties and of the paternal grandparents, the Court finds that it would be in the best interest of the children that custody of them be placed in the petitioner, with reasonable visitation to the respondent and to the paternal grandparents."

We have held in numerous cases that the welfare of the children and what is for their best interest is the primary, paramount and controlling consideration of the court in all controversies between the parents over the custody of their minor children. *Todd v. Todd*, 242 S. C. 263, 130 S. E. (2d) 552.

We have held that the award of the custody of children is not final and changed circumstances may authorize the change of custody in the future. Section 20-115 of the Code. *Porter v. Porter*, 246 S. C. 332, 143 S. E. (2d) 619. To get the change of custody, however,

there must be a showing of new facts and circumstances, *Pullen v. Pullen,* 253 S. C. 123, 169 S. E. (2d) 376.

The appellant, by several exceptions, challenges the findings of fact below and the conclusion that it would be in the best interest of the children that their custody be placed with the respondent.

The lower court, without any specific findings of fact, awarded the custody of the two children to the respondent. This record reveals that the respondent had been guilty of adultery but The Family Court made no finding that she was a suitable and proper person to have the custody of these children, other than that "it would be in the best interest of the children that custody of them be placed with" the respondent. We think the failure of The Family Court to make specific findings of fact is violative of Rule 13, Rules of Practice and Procedure in The Family Court, because such rule requires the court "to set forth the salient facts upon which the order is granted". The Family Court should have made a specific finding as to whether or not, in the light of the admitted adultery on the part of the respondent, that it would be for the best interest of these children that their custody be awarded to her.

As is heretofore stated, the husband and wife had by written agreement placed the custody and control of Cynthia with the paternal grandparents. In the divorce decree of March 23, 1970, the court held that the agreement between the parties granting custody of Cynthia to such grandparents was valid and that it was for the best interest of said child that continuing custody and control remain with them. The record reveals that the custody of Cynthia had been with these grandparents for approximately five years. The right of these grandparents to the custody of Cynthia was terminated without making them parties to this proceeding or giving them an opportunity to be heard. The trial court made no finding of fact that would justify such termination of the existing contractual relationship.

In *Ford v. Ford,* 242 S. C. 344, 130 S. E. (2d) 916, we held that, "The rule is that contracts between spouses as to the custody of children will be recognized unless the welfare of the children requires a different disposition." Under this rule it was incumbent upon the respondent to show that the welfare of Cynthia required the court to ignore and set aside the agreement of the parties. The Family Court has assigned no reason for its action, other than the statement that after having investigated the home of the paternal grandparents it was for the best interest that custody of Cynthia be awarded the respondent.

We also point out that the respondent, in her petition, did not ask that the custody of Cynthia be changed but, on the contrary, "that the provisions for custody which had existed *pendente lite* would not be disturbed." It thus appears that the court went beyond the scope of the issues raised by the parties in their pleadings.

The Family Court, in order to change the custody of Cynthia, should have joined as parties to the action the paternal grandparents because she was in their custody under an agreement of the parties and pursuant to a former decree of the court. These paternal grandparents had a right to resist any change in the custody of this minor child and their custody could not be affected without being given the opportunity of being heard in opposition thereto.

It is the duty of all courts to do that which is for the best interest of minor children and to protect their rights at every stage of a proceeding, and this is particularly true where their custody is involved.

Upon the scant record before us, without any specific findings of fact by the lower court, we think that this cause should be remanded to the court below for reconsideration of the question of what is for the best interest and welfare of the two minor children here involved. The paternal grandparents should be joined as parties to this action so that

they may be heard in opposition to any change in the custody of the minor child, Cynthia. Upon remand, all parties shall be entitled to be fully heard.

It appears from the record that an investigation was made by a staff member of The Family Court and the report of such investigation was taken into consideration by the lower court in reaching its conclusion. Any party to this action whose rights have been prejudiced by this report shall have the right to offer evidence in answer or contradiction thereof, as provided by Rule 12, Rules of Practice and Procedure in the Family Court.

The judgment of the lower court is reversed and this case remanded thereto for reconsideration in accordance with the views herein expressed.

Reversed and Remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.