20647

Deborah GREEN, Appellant, v. Paul LOVEDAY, Respondent.
In re Heather LOVEDAY, minor.

(242 S. E. (2d) 441)

*Patrick E. Knie* and *James O. Thomason,* of Spartanburg, *for Appellant,*

*Burts, Turner, Hammett, Harrison & Rhodes,* of Spartanburg, *for Respondent,* 

March 20, 1978.

NESS, Justice.

This appeal is from an order denying a change of custody from the father to the mother. We affirm.

The parties were formerly husband and wife. One child, Heather, was born of the marriage who is now three years old. The parties were divorced on December 2, 1976, by default judgment obtained against the husband, and custody of the child was awarded to the mother.

A few days after the divorce was final, respondent husband went to appellant's home and found a man named Danny Green under the bed. The parties' child was also present.

A hearing was held to determine whether the above event warranted a change of custody. The Family Court judge ordered custody to be transferred from the mother to the father. *No appeal was taken from that order.*

Subsequently, the wife petitioned the same court for custody based on a change of circumstances. She asserted she had married Mr. Green and could supply a stable home for Heather. The Family Court found no sufficient change in circumstances to warrant a custody change. We agree.

In *Sharpe v. Sharpe,* 256 S. C. 517, 183 S. E. (2d) 325 (1971), we stated:

"[T]he change of circumstance relied on for a change of custody must be such as would substantially affect the interest and the welfare of the child, not merely the parties, their wishes or convenience . . . *Ford v. Ford,* 242 S. C. 344, 130 S. E. (2d) 916; *Pullen v. Pullen,* 253 S. C. 123, 169 S. E. (2d) 376."

The sole reason offered by appellant to support her request for a custody change is her own remarriage to Danny Green. While remarriage is of course a change of condition, remarriage alone is insufficient to justify a change of custody. *Moorhead v. Scott,* 259 S. C. 580, 193 S. E. (2d) 510 (1972); *Barrett v. Barrett,* 261 S. C. 111, 198 S. E. (2d) 532 (1973).

We do not believe the remarriage of the mother is such a substantial change of conditions to warrant the transfer of Heather's custody to her. There was no showing that the respondent father was an unfit parent, or that the child's welfare depended on her placement with the mother.

Appellant's contention that the lower court's decision is erroneous in light of the tender years doctrine is without merit. That doctrine does not necessarily require the mother to be awarded custody. *Peay v. Peay,* 260 S. C. 108, 194 S. E. (2d) 392 (1973); *Ford v. Ford,* 242 S. C. 344, 130 S. E. (2d) 916 (1963); 27B C. J. S. Divorce § 309(4); 67 C. J. S. Parent and Child § 12.

"The fact that she is the mother and the fact that the child is of tender years are merely matters to be considered by the trial judge, along with all the other evidence." *Jones v. Ard,* 265 S. C. 423, 426, 219 S. E. (2d) 358, 360 (1975).

We affirm, concluding the evidence fails to adduce sufficiently changed circumstances to warrant a change of custody.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.