## 21106

Brenda McCowan MOSS (Hoskins), Respondent, v. Charles Edward MOSS, Appellant.

(262 S. E. (2d) 11)

*Peter M. Perrill* of *Spencer & Spencer,* Rock Hill, *for appellant.*

*James R. Honeycutt,* Fort Mill, *for respondent.*

January 7, 1980.

GREGORY, Justice:

Appeal is taken from an order of the Family Court transferring custody of the parties' twin eight year old boys from appellant father to respondent mother. We reverse.

Respondent was first awarded custody of the children by the decree of divorce dated May 1, 1974. Thereafter, appellant received temporary custody which ripened into an order awarding permanent custody on May 2, 1977. This order was issued after a full hearing on the merits at which both parties participated and were represented by counsel.

Respondent filed but ultimately abandoned her appeal of the order of May 2, 1977.

On May 17, 1978, respondent petitioned the lower court for a return of custody. Following two days of hearings, transfer of custody from appellant father to respondent mother was ordered on August 2, 1978.

The change of conditions necessary to transfer custody must normally occur before the date of the petition requesting custody. *Cook v. Cobb,* 271 S. C. 136, 245 S. E. (2d) 612 (1978). Being of the opinion that respondent failed in her burden of proving a change in conditions substantially affecting the interest and welfare of the children, we reverse. *Green v. Loveday,* 270 S. C. 410, 242 S. E. (2d) 441 (1978); *Jones v. Ard,* 265 S. C. 423, 219 S. E. (2d) 358 (1975).

In support of a change of conditions, respondent asserts the children had been residing with her since the May 2, 1977 order granting appellant custody. However, the record shows the reason for this was because respondent, in violation of the order, removed the children from the State and rightful custody of appellant and remained in hiding with the children in Florida until appellant was able to locate the children and return them to South Carolina in May of 1978 just five days before this present petition was dated.

Considering respondent's action in terms of the children's welfare, *Smith v. Smith,* 261 S. C. 81, 198 S. E. (2d) 271 (1973), we are of the opinion that such was not in the children's best interests. Moreover, respondent's action negates removal of the impediment to her previous quest for custody, namely her nomadic lifestyle. See *Stutz v. Funderburk,* 272 S. C. 273, 252 S. E. (2d) 32 (1979).

Respondent further relies on her engagement to remarry and consequent stabilization of her once-nomadic lifestyle as supportive of a change of custody. We disagree that her change of marital status, which occurred eleven days *after*

the date of respondent's petition for change of custody, demonstrates the substantial change of circumstances required. *Green v. Loveday, supra; Cook v. Cobb, supra.* Further, the record reflects a previous remarriage by respondent which was annulled.

■ Lastly, respondent contends appellant's present wife's pregnancy is a change of circumstance warranting transfer of custody. Appellant remarried in 1975. We do not view the pregnancy as a circumstance in and of itself sufficient to compel the transfer. Not every change of circumstance will justify a change of custody. *Jones v. Ard, supra; Stutz v. Funderburk, supra* (dissenting opinion).

Furthermore, there is no finding by the lower court, nor do we adduce any evidence from the record before us, of the custodial parent's unfitness or of the children's unhappiness with appellant and his present wife. *Green, supra.* Likewise, there is no evidence of respondent's unfitness.

There being insufficient evidence of a substantial change of conditions, the order of the lower court is reversed. The order of May 2, 1977, awarding appellant custody and granting respondent liberal visitation privileges remains in effect.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.