## 21315

Henry Michael GARVIN, Respondent, v. Ricarda G. GARVIN, Appellant.

(271 S. E. (2d) 413)

*George J. Morris,* of *Hawkins & Morris,* and *J. Kirk Myers,* of *Neighborhood Legal Assistance Program, Inc.,* Charleston, *for appellant.*

*Patrick F. Stringer,* of *Stringer & Stringer,* Charleston, *for respondent.*

October 15, 1980.

*Per Curiam:*

This matter comes before the Court on appeal from a family court order (1) transferring custody of the parties' two minor children to Respondent; (2) refusing to award Appellant alimony; and (3) awarding $250 attorney's fees to Appellant.

Respondent commenced the instant action by filing a Petition seeking permanent custody of the two children because that would be in their best interest, asking that any child support arrearages be extinguished. After hearing, the lower court found that "the best interests of the minor children would be served by custody remaining with the Petitioner." All child support arrearages were then extinguished.

In the 1977 Divorce Decree, Appellant was awarded legal custody of the children. Although Respondent was granted temporary custody by Order of December 14, 1978, he still bore a burden to establish a sufficient change of circumstances since the 1977 Divorce Decree to justify the conclusion that the best interests of the children would be served by the change. *Skinner v. King,* 272 S. C. 520, 252 S. E. (2d) 891 (1979); *Green v. Loveday,* 270 S. C. 410, 242 S. E. (2d) 441 (1978); *Powell v. Powell,* 256 S. C. 111, 181 S. E. (2d) 13 (1971). The Order under appeal recites no facts which establish that the requisite change in circumstances since the date of the Divorce Decree has occurred.

The final Divorce Decree, through incorporation of several prior orders, reserved Appellant's right to alimony. In the Order under appeal, the lower court summarily denied Appellant alimony. No factual basis for the denial appears in the Order, as required by Family Court Rule 27(3).

Further, the lower court order recites no salient facts upon which the $250 attorney's fee award is based. The record reveals that Appellant's counsel represented her at three separate hearings which consumed over two full days.

The matter is remanded to the Family Court for further consideration of the issues and an order setting forth fully the facts upon which the trial judge (1) found a change of conditions warranting a change of custody, (2) denied Appellant alimony, and (3) determined that $250 was an adequate fee for counsel.

Remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would affirm the order of the lower court under Rule 23, or with a short opinion.

While the order appealed from is less than abundantly full, I do not find it sufficiently deficient to warrant remand. The result reached by the lower court, in my view, is not erroneous.