21573

Richard Keith McELVEEN, Respondent, v. Elaine Brennan
McELVEEN, Appellant.
(283 S. E. (2d) 826)

*Richard J. Whitaker* and *Peter L. Fuge,* of *Fuge & Denton,*
Beaufort, *for appellant.*

*H. Michael Bowers,* of *Howell & Barnes,* Beaufort, *for*
respondent.

September 28, 1981.

GREGORY, Justice:

This appeal is taken from a family court order transferring
custody of the parties' two-year son from appellant (mother)
to respondent (father). We reverse.

Appellant was awarded custody of the child by the decree of divorce dated April 5, 1978. On June 28, 1978, less than three months later, respondent filed a petition seeking to transfer custody to him on the basis of changed circumstances. By order dated January 24, 1979, the trial judge found: (1) appellant failed to supervise the child adequately, based on his several falls and head injuries; (2) from the date of the divorce decree in April, 1978 until the final hearing in October, 1978, appellant changed her residence and job several times; (3) appellant used profanity around the child; (4) appellant was then living with her parents, in an environment typified by arguments and emotional turmoil; and (5) respondent had remarried and his home environment would be more suitable for the child.

On appeal from an order of the family court, this Court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. *Stevenson v. Stevenson,* S. C. 279 S. E. (2d) 616 (1981). S. C. 279 S. E. (2d) 616 (1981).

Being of the opinion that respondent failed in his burden of proving a change in conditions substantially affecting the interest and welfare of the child, we reverse. *Moss v. Moss,* 274 S. C. 120, 262 S. E. (2d) 11 (1980).

The child's two head injuries which occurred after the divorce decree resulted from routine accidents and one happened while he was in respondent father's care. Other injuries occurred before the divorce decree; thus they were improperly considered. *Cook v. Cobb,* 271 S. C. 136, 245 S. E. (2d) 612 (1978). The pediatrician testified the child was healthy and normal and there were no indications of parental neglect.

The record reveals that respondent's failure to make timely support payments contributed in large measure to appellant's job and residence changes. Appellant is currently residing with her parents as she was at the time of the decree. This environment, found to be adequate then, remain unchanged.

Although we have held that remarriage along is insufficient to justify a change of custody, it is a factor to be considered. *Stutz v. Funderburk,* 272 S. C. 273, 252

S. E. (2d) 32 (1979); *Smith v. Smith,* 261 S. C. 81, 198 S. E. (2d) 271 (1973). Respondent's quick remarriage simply does not entitle him to have custody.

Considering the entire record, we find respondent failed to establish the requisite change of circumstances to justify transferring to him from appellant custody of the parties' two-year old son. Accordingly, the order transferring custody to respondent is reversed.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.