21850

Janice B. HOGAN, Respondent, v. Charles O. HOGAN, Appellant.
(299 S. E. (2d) 481)

548

*Peter M. Perrill,* of *Spencer & Spencer,* Rock Hill, *for appellant.*

*Forrest C. Wilkerson,* of *Roddey, Carpenter & White,* Rock Hill, *for respondent.*

Jan. 10, 1983.

HARWELL, Justice:

The family court awarded respondent a divorce from appellant on grounds of habitual drunkenness. Although appellant does not except to the divorce decree, he alleges the trial court erred by failing to comply with Family Court Rule 27 in two particulars: (1) it did not render the order timely, and (2) it did not state the salient facts upon which it relied to make its decision. We agree and remand for a de novo hearing on all issues other than the divorce decree itself.

First, appellant alleges the trial court's failure to timely render a decree after the September 12, 1977 hearing violates Family Court Rule 27(3). We agree. At the conclusion of the hearing, the trial court requested a brief containing an accounting of each party's investment in the marital home and other property. Appellant presented his brief on October 14, 1977, respondent presented hers on November 8, 1977, and appellant submitted a reply brief on December 15, 1977. At a conference on June 27, 1978, the trial court requested additional briefs. The respondent submitted hers on January 26, 1979; appellant did not submit his until May 14, 1979. Thereafter, the trial court issued its order on July 27, 1979, almost two years after the first hearing. We agree that the disposition of the case has been overly prolonged. Consequently, justice requires that the parties be afforded a de novo hearing and a proper and timely order.

Furthermore, appellant, an unemployed alcoholic, requested alimony from respondent. The trial court did not address the issue in its order. We agree that the trial court failed to set forth the salient facts upon which it summarily denied appellant alimony in violation of Family Court Rule 27(3). *Burgess v. Burgess,* S. C., 286 S. E. (2d) 142 (1982). Without such, we are unable to determine whether the trial court erred in denying appellant alimony. We remand for

compliance with the rule. *Garvin v. Garvin,* 275 S. C. 379, 271 S. E. (2d) 413 (1980).

Accordingly, we remand for a de novo hearing on issues consequential to the divorce decree.

Remanded.

LEWIS, C.J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.