22327

Rick Lane WILSON, Respondent, v. Rene L. WILSON, Appellant.
(330 S. E. (2d) 303)

Supreme Court

---

*Timothy L. Brown,* Greenville, *for appellant.*

*Ernest J. Howard,* Greenville, *for respondent.*

May 17, 1985.

NESS, Justice:

In this child custody suit the family court granted custody to respondent husband. We affirm.

The couple married in 1978 and a child was born to them. Appellant wife was granted temporary custody of the child when the couple separated in 1981. Respondent husband bcame suspicious his wife was seeing another man after the separation and placed surveillance upon her.

In 1983 the family court granted the husband a divorce based on the wife's adultery and awarded him permanent custody of the child. His order afforded the wife reasonable visitation but forbid any visitation when the wife was in the presence of her paramour.

Appellant wife contests the custody award alleging the family court based his decision on her immorality rather than the best interest of the child. We disagree.

While the record reflects both parents love the child and the child returns their love equally, the wife openly entered a relationship with another man while still the wife of respondent.

While the controlling consideration in determining custody is the welfare of the child and what is in his interest, *Powell v. Powell,* 256 S. C. 111, 181 S. E. (2d) 13 (1971), the morality of a parent bears on that parent's fitness to raise the child and is a proper factor for consideration. *Davenport v. Davenport,* 265 S. C. 524, 220 S. E. (2d)

228 (1975); *Marshall v. Marshall*, 282 S. C. 534, 320 S. C. (2d) 44 (S. C. App. 1984).

We are mindful of the difficult task facing the family court in deciding custody. Although our scope of review allows us to find the facts in accordance with our view of the preponderance of the evidence, we give broad discretion to the family court judge who has observed the witnesses and is in a better position to judge their demeanor and veracity. *McAlister v. Patterson*, 278 S. C. 481, 299 S. E. (2d) 322 (1982).

The other exceptions were rendered moot by admissions of attorneys at oral argument.

We hold the family court did not abuse his discretion by awarding custody to the husband.

Affirmed.

LITTLEJOHN, C. J., and HARWELL and CHANDLER, JJ., concur.

GREGORY, J., dissenting in separate opinion.

GREGORY, Justice (dissenting):

Adultery may be proved by circumstantial evidence; however, it must be by a clear preponderance of the evidence. *Odom v. Odom*, 248 S. C. 144, 149 S. E. (2d) 353 (1966). In the case at bar, there is no evidence of adultery while the parties were living together. The scant evidence of adultery after separation are observations that appellant and another were at an apartment, and testimony that appellant was seen several times in local nightclubs. Such evidence falls far short of meeting the clear and convincing standard to prove adultery.

Assuming the evidence supported adultery, it was error to award custody to respondent based on this singular finding. "The morality of a parent is a proper factor for consideration but is limited in its force to what relevancy it has, either directly or indirectly, to the welfare of the child." *Davenport v. Davenport*, 265 S. C. 524, 527, 220 S. E. (2d) 228, 230 (1975). The welfare of the child was not considered here, and there is no evidence that appellant's alleged adultery had any adverse effect on the child.

In fact, the record shows appellant was an excellent parent. Appellant was the primary provider and nurturer for the child while respondent was in school for several years. It is evident respondent took little interest in the child prior to this decree. Absent the unsupported finding of adultery, there is no contention that she was not a good mother. Futhermore, appellant had responsibility for the child until the date of this decree.

I would reverse the grant of a divorce based on adultery, and would remand for a proper determination of the custody issue.