24019

Tina M. EPPERLY, Appellant v. Mark Allan EPPERLY, Respondent.

(440 S.E. (2d) 884)

Supreme Court

---

[2] *See, e.g., D'Ambra v. Cole*, 572 A. (2d) 268 (R.I. 1990); *Estate of Day*, 7 Ill. (2d) 348, 131 N.E. (2d) 50 (1955).

*Thomas J. Thompson* of *Townsend & Thompson*, Laurens, *for appellant.*

*James E. Bryan, Jr.*, Laurens, *for respondent.*

Submitted Jan. 19, 1994. Decided Feb. 22, 1994.

Reh. Den. Mar. 15, 1994.

CHANDLER, Acting Chief Justice:

On appeal is an Order denying Appellant's (Wife's) action for divorce and related proceedings, and awarding Respondent (Husband) custody of their children. We affirm in part, reverse in part, and remand.

## FACTS

Husband and Wife married in 1985. They have three children, ages four, five, and six.

In 1991, Wife commenced an action for divorce and related proceedings, alleging habitual drunkenness. After a temporary hearing, the Family Court awarded Wife custody of the children and granted Husband visitation privileges. Following a final hearing, Wife's action for divorce on the ground of habitual drunkenness was denied and Husband was awarded custody of the children. Wife appeals.

## ISSUES

1. Is Wife entitled to a divorce on the ground of habitual drunkenness?
2. Is Husband entitled to custody?
3. Is Wife entitled to alimony?
4. Is Wife entitled to attorney's fees?
5. Did the Family Court err in its division of the parties' real property?

## DISCUSSION

### A. *Habitual Drunkenness*

Wife contends the Family Court erred in refusing to grant her a divorce on the ground of habitual drunkenness. We disagree.

In an action on appeal from the Family Court, this Court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. *McElveen v. McElveen*, 277 S.C. 97, 283 S.E. (2d) 826 (1981). In order to prove habitual drunkenness, there must be a showing that the abuse of alcohol caused the breakdown of the marriage and that such abuse existed at or near the time of filing for divorce. *Fisher v. Fisher*, 276 S.C. 375, 278 S.E. (2d) 780 (1981).

Here, Wife and her witnesses testified that Husband drank heavily on a daily basis. However, Husband and his witnesses testified that he seldom drank and never to excess. Since the testimony on this issue is so divergent, we adopt the findings of the Family Court on this issue as the sitting judge was in the best position to determine the credibility of the witnesses. *McAlister v. Patterson*, 278 S.C. 481, 299 S.E. (2d) 322 (1982); *Collins v. Collins*, 283 S.C. 526, 324 S.E. (2d) 82 (Ct. App. 1984).

Wife also contends that the Family Court Order does not comply with Rule 26(a), SCRFC,[1] in that it failed to set forth adequate findings of fact to support on this issue. We disagree. The Order succinctly states that the evidence was insufficient to prove habitual drunkenness. Family Court's holding is adequate to enable the Court to determine the basis for the ruling. *Hogan v. Hogan*, 278 S.C. 547, 299 S.E. (2d) 481 (1983).

### B. *Custody*

The three minor children of the parties are: Christina, age 6, Christopher, age 5, and Anthony, age 4. Wife was awarded custody at the *pendente lite* hearing, but

---

[1] Rule 26(a), SCFRC states:

(a) **Findings of Fact.** An order or judgment pursuant to an adjudication in a domestic relations case shall set forth the specific findings of fact and conclusions of law to support the court's decision.

Father received custody at the final merits hearing. Wife contends the Family Court erred in awarding custody to Husband. We agree.

The best interests of the child are paramount in custody disputes. The Family Court should consider "the character, fitness, attitude and inclinations on the part of each parent" as they impact on the child. *Gandy v. Gandy*, 297 S.C. 411, 414, 377 S.E. (2d) 312, 314 (1989). Further, the "tender years doctrine," which creates a preference for the mother of young children, should also be a factor weighed by the Family Court in determining custody. *Collins v. Collins*, *supra*.

We find that the preponderance of the evidence supports awarding custody to Wife. Wife has been the primary caretaker of the children throughout their lives. Although the Guardian Ad Litem made no recommendation as to custody, he did find that the children were well cared for by the Wife. Further, the tender years doctrine militates in favor of awarding custody to Wife.

Accordingly, we reverse and grant custody to Wife. This issue is remanded to determine liberal visitation privileges for Husband.

## C. *Alimony*

Wife contends the Family Court erred in failing to award her alimony or, alternatively, failed to make sufficient findings under Rule 26(c), SCRFC. We agree and remand.

S.C. Code Ann. § 20-3-130 (Supp. 1992) sets forth 12 factors which *must* be weighed when determining alimony. Here, with regard to alimony, the Family Court held: "I find that alimony is not appropriate in this case due to the limited income of each party and that alimony is denied both parties."

We agree with Wife that this finding failed to address all the required statutory factors. We remand and direct the Court to redetermine alimony, considering all relevant factors, including the current and anticipated expenses of each spouse, and the fact that custody of the children has been placed with Wife.

### D. *Attorney's Fees*

Wife argues that the Family Court erred in denying her attorney's fees and, further, that the findings on this issue are insufficient under Rule 26(c), SCRFC.

As with alimony, a determination of attorney's fees requires consideration of specific factors:

1. Whether the services of the attorney produced a beneficial result;
2. Whether the client will be able to pay the attorney absent an order requiring fees;
3. Ability of the parties to pay;
4. The parties' financial conditions;
5. Standard of living of the parties.

*Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E. (2d) 313 (1991).

The Family Court held that alimony to Wife was not warranted due to Husband's impoverished financial condition. This finding embraces all factors, with the exception of the first. As to the beneficial result obtained, it is clear that Wife did not prevail in the initial action. However, upon appeal, she has succeeded in part. Therefore, this issue is remanded to the Family Court for reconsideration. *Sexton v. Sexton*, — S.C. — 427 S.E. (2d) 665 (1993).

### E. *Equitable Division of Real Property*

With respect to equitable division, the Family Court awarded Husband 80% of the real property and Wife 20%. Wife contends that the division is "patently unjust and unfair," and, further, that the findings fail to comply with Rule 26(c), SCRFC.

In dividing real property, the Family Court must first identify the marital property, determine the property's fair market value, and then consider the parties' relative contributions as well as 15 specific factors enumerated in S.C. Code Ann. § 20-7-472 (Supp. 1993).

We are concerned that the Family Court failed to examine all relevant factors set forth in § 20-7-472. Further, the change of child custody must also be taken into consideration. Accordingly, we reverse and remand this issue of equitable division of real property for a new determination.

## CONCLUSION

We affirm the denial of divorce to Wife based upon habitual drunkenness, reverse the issue of custody, and remand for a new determination of alimony, attorney's fees, and equitable division of real property.

Affirmed in part, reversed in part, and remanded.

FINNEY, TOAL and MOORE, JJ., and WILLIAM T. HOWELL, Acting Associate Justice, concur.