THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William Barry
 Chisholm, Appellant,
 v.
 Susan Elaine
 Chisholm, Respondent.
 
 
 

Appeal From Greenville County
 R. Kinard Johnson, Jr., Family Court
 Judge
Unpublished Opinion No. 2010-UP-140
Submitted February 1, 2010  Filed
 February 22, 2010
REVERSED 

 
 
 
 William B. Chisholm, of Greenville, for Appellant.
 Kenneth C. Porter, of Greenville, for Respondent.
 
 
 

PER CURIAM: In this domestic relations action, William Barry
 Chisholm (Husband) appeals the family court's order subsequent to divorce,
 arguing the family court erred in requiring him to pay one hundred percent of
 his son's private-school tuition and a portion of his ex-wife's attorney's
 fees.  We reverse.[1]
Husband and Susan Elaine Chisholm (Wife) married in 1979.  Their marriage
 produced two children, Daughter and Son.  In July 2001, following Daughter's
 graduation from high school, Husband filed for divorce.  On April 4, 2003, the
 family court granted the divorce based upon one year's continuous separation
 and required Husband to pay one hundred percent of Son's remaining
 private-school tuition, as well as $13,000 toward Wife's attorney's fees.[2]  Both Husband and Wife appealed, and
 this court reversed and remanded the issues of Husband's contributions to Son's
 private-school tuition and Wife's attorney's fees.  Chisholm v. Chisholm,
 Op. No. 2005-UP-067 (S.C. Ct. App. filed Jan. 25, 2005).  No appeal was taken
 from this opinion.  On remand, the family court heard additional evidence and
 reduced Husband's obligation for Wife's attorney's fees from $13,000 to $10,500
 but declined to alter Husband's obligation for Son's tuition or child support. 
 Husband filed a motion to alter or amend pursuant to Rule 59(e), SCRCP, which
 the family court denied.  In May 2005, the family court terminated Husband's
 child support obligation because Son completed high school and turned eighteen
 that month.  This appeal followed. 
On appeal from the family court, the appellate court has
 jurisdiction to find facts in accordance with its own view of the preponderance
 of the evidence.  Epperly v. Epperly, 312 S.C. 411, 414, 440 S.E.2d 884,
 885 (1994).  However, in a family court matter, "[t]he award of attorney's
 fees is left to the discretion of the trial judge and will only be disturbed
 upon a showing of abuse of discretion."  Upchurch v. Upchurch, 367
 S.C. 16, 28, 624 S.E.2d 643, 648 (2006).
We agree with Husband's assertion the family court erred in
 requiring him to pay one hundred percent of Son's tuition for his junior and
 senior years in high school.  We find the family court's order contravened our
 unappealed opinion requiring the family court to allocate Son's tuition costs or to reduce Husband's child support
 obligation to offset his tuition payments.  See Chisholm v. Chisholm, Op. No. 2005-UP-067 (S.C. Ct. App. filed
 Jan. 25, 2005); see also Ables
 v. Gladden, 378 S.C. 558, 569, 664
 S.E.2d 442, 448 (2008) (holding an unappealed ruling is the law of the case).  Although the family court held an evidentiary hearing
 at which it invited Husband to submit evidence of his expenses, it failed to
 modify its order as to either tuition or child support.  We find adequate
 information to make this determination was already before the family court and
 reflected in its own orders.  Consequently, this failure was error.  
In
 light of the unappealed prior decision of this court and the evidence of
 record, we find Husband responsible for fifty-nine percent of Son's junior and
 senior years' tuition and Wife responsible for forty-one percent.  See Epperly, 312 S.C. at 414, 440 S.E.2d at 885.  In its December 11, 2001, order, the family court
 found Husband's gross monthly income was $6,066.66, or fifty-nine percent of
 the parental income, and Wife's was $4,215.42, or forty-one percent of the
 parental income.  The Child Support Worksheet prepared by Wife's counsel on
 March 28, 2003, reflects similar numbers, with a similar division of parental
 responsibility.  The record does not reflect the family court modified its
 December 2001 findings at any time.  At the hearing on remand, Husband did not
 know the total he had paid toward Son's tuition; however, he testified he paid
 the entire cost of Son's tuition for the final two years of high school.[3] 
 Wife presented no evidence of any payment.  Therefore, the family court erred
 in failing to allocate Son's tuition cost between the parties. 
We also agree with Husband's assertion the family court erred in
 requiring him to pay a portion of Wife's attorney's fees and costs, while
 refusing to require Wife to contribute to Husband's.  
Under South Carolina law, the family court has jurisdiction to
 determine whether to award attorney's fees in a matter properly before it. 
 S.C. Code Ann. § 63-3-530(A) (2009).  However, "[a]n order or judgment pursuant to an adjudication in a domestic
 relations case shall set forth the specific findings of fact and conclusions of
 law to support the court's decision."  Rule 26(a), SCRFC.   In deciding whether to award attorney's
 fees upon request of a party, "the court should evaluate the requesting
 party's ability to pay, the parties' respective financial conditions, the
 effect of the award on each party's standard of living, and the beneficial
 results achieved."  Upchurch, 367 S.C. at 28, 624 S.E.2d at 648.  A
 beneficial result will not secure an award of attorney's fees where the other
 factors do not support such an award.  Mazzone v. Miles, 341 S.C. 203,
 214, 532 S.E.2d 890, 895 (Ct. App. 2000).  
We hereby reverse the family court's attorney's fees award to Wife
 because the family court failed to support its award with the required findings
 of fact.  In awarding attorney's fees, the family court is required to evaluate
 each of the four factors enunciated in Upchurch and to set forth
 findings of fact and conclusions of law supporting its decision.  367 S.C. at
 28, 624 S.E.2d at 648; Rule 26(a), SCRFC.  Here, the family court considered
 only one factor, both in its original adjudication and on remand.  The findings
 pertaining to the sole factor addressed in the family court's two orders, the
 achievement of beneficial results, are insufficient to support an award of
 attorney's fees.  In failing to find facts relating to the Wife's ability to
 pay, each party's financial condition, and the effect of the award on the
 parties' respective standards of living, the family court abused its discretion
 in awarding attorney's fees to Wife.  See Mazzone, 341 S.C. at
 214, 532 S.E.2d at 895.  
Furthermore, we find neither Husband nor Wife proved facts
 sufficient to support an award of attorney's fees.  See Epperly,
 312 S.C. at 414, 440 S.E.2d at 885 (holding the appellate court has
 jurisdiction to find facts in accordance with its own view of the preponderance
 of the evidence when reviewing family court decisions).  The family court
 observed Wife had incurred more than $21,000 in attorney's fees, and Husband
 testified he had incurred approximately $41,000 in attorney's fees.  
With regard to the first three Upchurch factors, the record
 reflects both Husband and Wife are gainfully employed, earning approximately
 $80,000 and approximately $50,000 per year, respectively.  Moreover, the family
 court's apportionment of marital property provided both Husband and Wife with additional
 financial resources in the form of multiple individual retirement accounts. 
 Although Husband's overall financial condition, according to the record, is
 somewhat stronger than Wife's, the record does not indicate that either party
 would suffer hardship from paying his or her own attorney's fees.  Wife's
 financial condition is somewhat weaker, but Husband incurred a great deal more
 debt to his attorneys.  As a result, both parties would likely see a decline in
 their standards of living until their attorney's fees were paid off.  Finally,
 with regard to beneficial results, the family court correctly found Wife
 prevailed on the hotly contested issue of custody of Son.  Husband prevailed on
 the less contentious issue of liberal visitation with Son, issues relating to
 identification and equitable apportionment of marital assets, and, following
 the first appeal, the issue of Son's tuition.  Consequently, our review of
 these factors does not indicate either party is entitled to an award of
 attorney's fees and costs.  
Accordingly, the order of the family court is 
REVERSED.
PIEPER, GEATHERS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] The tuition at issue is only for Son's junior and
 senior years.  Husband paid tuition for Son's freshman year outright.  Husband
 and Wife funded the tuition for Son's sophomore year pursuant to an agreement
 between them:  Wife secured financial aid and Husband paid a portion of tuition
 for Son's sophomore year.  The April 2003 family court order from which appeal
 was originally taken stated, "Father is to enable the child to attend
 Christ Church Episcopal School until he graduates from high school." 
 Because this language is prospective and the family court made no effort to
 require Husband to reimburse Wife for any payments she may have made toward
 tuition during the sophomore year, we address parental obligations for junior
 and senior years, only.
[3] Husband attached to his brief supporting his Rule
 59(e) motion tuition records obtained from the records custodian of Christ
 Church Episcopal School.  These records reflect the dates and amounts of all
 payments made to Son's account for his junior and senior years, including those
 made by Wife.  Although this information was not available for the family
 court's consideration at the hearing on remand, it is clearly available for the
 parties' use in calculating their respective obligations pursuant to this
 opinion.