705 S.E.2d 84

Margaret M. REISS, Respondent,

v.

Paul W. REISS and Pamela Buck a/k/a
Pamela Evans, Defendants,

of whom Pamela Buck a/k/a Pamela Evans is the Appellant.

No. 4775.

Court of Appeals of South Carolina.

Heard June 22, 2010.
Decided Jan. 19, 2011.

Donald Bruce Clark, of Charleston, and Emily G. Johnston, of Mount Pleasant, for Appellant.

Stephanie Pendarvis McDonald, of Charleston, for Respondent.

LOCKEMY, J.

In this domestic case, Pamela Buck, paramour of Paul W. Reiss (Husband), argues the family court erred in finding she was jointly and severally liable to Margaret M. Reiss (Wife) for $262,000 of the proceeds from the sale of marital property. We affirm.

## FACTS

Husband and Wife were married in 1990. During the course of their marriage, Husband was a commercial fisherman, and the parties lived together on Kiawah Island in Charleston County. In 2005, Wife filed for divorce, alleging Husband was involved in an adulterous relationship with Buck.

In her complaint, Wife requested an equitable division of the couple's investment property located on Seabrook Island

(the Seabrook Property). Wife alleged Husband sold the property without her knowledge for $830,000, and sought an accounting of the proceeds from the sale and to restrain Husband from "selling, wasting, encumbering or disposing of the proceeds as they will be part of the equitable distribution of the marital estate." [1]

A month later, Wife filed a motion for temporary relief. The family court found Husband sold the Seabrook Property in December 2004, and retained the net proceeds of $436,000 and ordered Husband pay Wife $100,000 as an advance on the equitable distribution. The family court granted Wife leave to join Buck as a party to the divorce pursuant to section 63–3–530(A)(19) of the South Carolina Code (2010) as a person interfering with marital rights. Although properly served, Buck failed to respond, and Wife filed a motion for default judgment against Buck. At the final hearing, the family court granted Wife's motion for default judgment as to Buck's liability.

Based on the testimony at the final hearing the family court found Husband and Wife purchased the Seabrook Property in 1999; however, in 2002 Wife deeded her interest to Husband. Husband sold the property in 2004 without Wife's knowledge and used a portion of the $436,210 in proceeds to purchase a pickup truck and pay "marital and certain [ ] individual bills." Husband deposited the remaining $362,000 in a joint bank account he opened with Buck. Buck then utilized the funds to aid the purchase of property located at 8 Island Drive, Paradise Island, Florida (Florida Property I).[2] One day later, Buck transferred Florida Property I to PBR Holdings, Inc. for no consideration. Husband was the president/managing member and registered agent of PBR Holdings. Buck was also a managing member of PBR Holdings.

One day after the family court issued the temporary order, PBR Holdings transferred Florida Property I to Buck for no consideration. Approximately a month later, Buck sold Florida Property I for $750,000. Buck gave Husband $382,000— Husband's original investment of $362,000 plus $20,000 in

1. The proceeds from this sale are the only issue in this appeal.

2. The total purchase price of Florida Property I was $602,000.

equity from the sale.[3] Husband invested $20,000 into his fishing boat, paid Wife $100,000 pursuant to the temporary order, and deposited the remaining $252,000 into a certificate of deposit owned by Buck. However, $10,000 of the proceeds remained unaccounted for.

The family court found Buck used some or all of the $252,000 to purchase a second property in Florida (Florida Property II). According to Husband and Buck, Buck obtained a line of credit against Florida Property II and repaid Husband $100,000. However, neither Buck nor Husband produced any evidence of this repayment, and the family court specifically found Husband's and Buck's testimonies regarding the proceeds from the Seabrook Property were not credible. Finally, the family court concluded Husband's and Buck's actions were "designed and intended to deprive and to defraud [Wife] of her lawful interest in the marital proceeds from the [Seabrook Property]."

The family court concluded the proceeds from the sale of the Seabrook Property equaled $436,210 and credited Husband $100,000 for the advance on the equitable distribution that he paid pursuant to the temporary order. The family court ordered "$336,210[ ] shall be paid to [Wife] by [Husband] and [Buck] ... *provided, however,* [Buck's] joint and several responsibility to return and to pay such sum to [Wife] shall be limited to $262,000."

Thereafter, Buck filed a motion to alter or amend the judgment or in the alternative for a new trial, arguing the family court's conclusion she is liable for $336,210 but only jointly and severally liable for $262,000 is inconsistent. Buck also maintained her liability "should be limited to $106,147.50 and then further reduced by [her] payment of $100,000." The family court denied Buck's post-trial motions. This appeal followed.

## ISSUE ON APPEAL

Did the family court err in finding Buck was jointly and severally liable to Wife for $262,000?

---

3. Buck netted $330,046 from the sale of Florida Property I.

## LAW/ANALYSIS

■ Buck argues there is no factual or legal basis for finding she was jointly and severally liable to Wife for $336,210 or $262,000. In the alternative, Buck maintains she is only liable for $152,000 because she repaid Husband $100,000 of the $252,000 deposited in her certificate of deposit. We disagree.

■ On appeal from the family court, this court has jurisdiction to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence. *Epperly v. Epperly*, 312 S.C. 411, 414, 440 S.E.2d 884, 885 (1994). However, this broad scope of review does not require this court to disregard the findings of the family court that saw and heard the witnesses and was in a better position to evaluate their credibility. *Gartside v. Gartside*, 383 S.C. 35, 41, 677 S.E.2d 621, 624 (Ct.App.2009). Accordingly, "[b]ecause [this court] lacks the opportunity for direct observation of witnesses, it should give great deference to the family court's findings where matters of credibility are involved." *Pirayesh v. Pirayesh*, 359 S.C. 284, 292, 596 S.E.2d 505, 510 (Ct.App.2004).

Initially, in her brief, Buck points out the family court's order is inconsistent, appearing to hold her and Husband jointly and severally liable for $336,210 while also limiting her liability to $262,000. However, at oral argument, Wife conceded Buck is liable for $262,000 only. Accordingly, we conclude the family court found Husband was liable to Wife for $336,210, while Buck was jointly and severally liable for $262,000 of the $336,210.

Although both Husband and Buck testified Buck repaid Husband $100,000 of the $252,000 deposited in her certificate of deposit, the family court specifically found their testimonies were not credible. Based on the credible testimony presented at the final hearing the family court determined Buck was jointly and severally liable for $262,000. Because this is an issue of credibility, and the family court was in a better position than this court to judge the witnesses' credibility, we defer to the family court's finding. See *Avery v. Avery*, 370 S.C. 304, 315, 634 S.E.2d 668, 674 (Ct.App.2006) (deferring to the family court's equitable distribution when issue was one of

witness credibility). Accordingly, the decision of the family court is

**AFFIRMED.**

KONDUROS and GEATHERS, JJ., concur.