**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Austin M. Byrd, Appellant,

v.

Courtney Hawkins, Respondent.

Appellate Case No. 2014-001172

———————————

Appeal From Newberry County
Joseph C. Smithdeal, Family Court Judge

———————————

Unpublished Opinion No. 2016-UP-152
Submitted December 1, 2015 – Filed March 30, 2016

———————————

**AFFIRMED**

———————————

Mindy Westbrook Zimmerman and Benjamin L. Shealy,
of Zimmerman & Shealy, LLC, of Newberry, for
Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

———————————

**PER CURIAM:** Austin M. Byrd (Father) appeals the family court's order granting custody of his minor child (Child) to Courtney Hawkins (Mother) and giving Father standard visitation. Father argues the family court abused its discretion because its findings included facts that were not presented at trial and it

relied on evidence that was neither testified to nor entered into evidence. We affirm.[1]

1. Father argues the family court erred when it found (1) he and Mother ended their relationship approximately one year after Child's birth; (2) the relationship between Mother and Father was rocky and communication broke down after their relationship ended; (3) Child was disrespectful when he returned from visiting Father; (4) Father admitted he had a casual relationship with his girlfriend, Kelly; and (5) Kelly refused to take a drug test. Father failed to challenge these findings in his motion to reconsider; thus, these issues are unpreserved. *See Washington v. Washington*, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (holding when an appellant does not raise an issue at trial or through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review); *see also Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006) (holding the wife's argument regarding the family court's identification and valuation of marital property was not preserved for appellate review because she failed to raise the alleged error to the family court in her Rule 59(e) motion).

2. Father argues the family court erred when it (1) found Child resided primarily with Mother since May 2013; (2) found Father swore he would never pay child support; (3) found Father used his obligation to support Child as a club in an attempt to spite Mother and gain favor with Child; (4) found Father violated the parties' oral agreement in October 2012; (5) found Father would drag out the custody action as long as possible; (6) found Father's relationship with his parents was strained at best; (7) focused "heavily" on an explosive fight between Mother and Father; (8) found Mother to have a gentle demeanor; (9) placed emphasis on Mother's credibility; (10) found Father was known to belittle and intimidate Mother; and (11) found Father was less willing to compromise with Mother regarding travel and visitation. Father has failed to meet his burden of proving the family court erred in making these factual findings. *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (noting the appellant bears the burden of convincing the appellate court that the family court erred in its factual findings); *id.* at 390, 709 S.E.2d at 654 ("The highly fact-intensive nature of family court matters lends itself to a respect for the factual findings of our able and experienced family court judges who are in a superior position to assess the demeanor and credibility of witnesses."); *Wilson v. Wilson*, 285 S.C. 481, 483, 330 S.E.2d 303, 304 (1985) ("Although our scope of review allows us to find the facts in accordance with our view of the preponderance of the evidence, we give broad discretion to the family

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

court judge who has observed the witnesses and is in a better position to judge their demeanor and veracity.").

3.  Father argues the family court erred when it found Father had only four overnight visits per month with Child since the December 2012 temporary hearing when he actually had eight overnight visits.  We agree this finding was erroneous; however, we find this error harmless in light of the evidence presented during the hearing that demonstrates Mother has been Child's primary caretaker since December 2012 and the custody and visitation arrangement ordered by the family court is in Child's best interest.  *See Lewis v. Lewis*, 400 S.C. 354, 371, 734 S.E.2d 322, 331 (Ct. App. 2012) (finding any error in the family court's determination concerning the counselor's knowledge of the husband's behavior was harmless because the finding was not "any more damaging to [the h]usband than the other evidence presented"); *id.* ("[W]hatever doesn't make any difference, doesn't matter." (quoting *McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987))); *see also Brown v. Brown*, 362 S.C. 85, 90, 606 S.E.2d 785, 788 (Ct. App. 2004) ("The paramount and controlling factor in every custody dispute is the best interests of the children."); *id.* at 91, 606 S.E.2d at 788 ("Although there is no rule of law requiring custody be awarded to the primary caretaker, there is an assumption that custody will be awarded to the primary caretaker." (quoting *Patel v. Patel*, 359 S.C. 515, 527, 599 S.E.2d 114, 120 (2004))).

**AFFIRMED.**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**