**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Richard Louis Hirschi and Lisa Joy Elzey, Appellants,

v.

John Doe Birth Father, et al. and South Carolina
Department of Social Services, Respondents.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2018-001021

---

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

---

Unpublished Opinion No. 2019-UP-323
Submitted September 11, 2019 – Filed October 1, 2019

---

**AFFIRMED**

---

John Brandt Rucker and Allyson Sue Rucker, both of
The Rucker Law Firm, LLC, of Greenville, for
Appellants.

Richard Whitney Allen, of Greenville, for Respondent
South Carolina Department of Social Services.

June Bond, as the Guardian ad Litem for the minor child.

---

**PER CURIAM:**  Richard Louis Hirschi and Lisa Joy Elzey, residents of Utah, appeal an order denying their adoption of a child born in South Carolina (Child). On appeal, Appellants argue the family court erred in (1) denying their adoption without holding a meaningful evidentiary hearing and (2) removing Child from their custody pursuant to an emergency protective order.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

Appellants first argue the order denying adoption should be set aside because the family court did not allow a full evidentiary hearing as required by section 63-9-750 of the South Carolina Code (2010 & Supp. 2018) and Rule 43(a) of the South Carolina Rules of Civil Procedure.  They also assert this case should be remanded for sufficient findings because the family court's order did not comply with Rule 52(a) of the South Carolina Rules of Civil Procedure and Rule 26 of the South Carolina Rules of Family Court.  We disagree.

Although the family court's order denying adoption did not separately set forth its findings of fact and conclusions of law as required by Rule 52(a), it provided adequate findings for this court to determine the basis of its ruling and thus sufficiently complied with Rule 26(a).  *See* Rule 52(a), SCRCP ("In all actions tried upon the facts without a jury . . . , the court shall find the facts specially and state separately its conclusions of law thereon . . . ."); Rule 26(a), SCRFC ("An order or judgment pursuant to an adjudication in a domestic relations case shall set forth the specific findings of fact and conclusions of law to support the court's decision.").  In the order, the court found Appellants presented "inconclusive evidence that the issues of neglect [raised by the Utah Division of Child and Family Services (Utah DCFS)] ha[d] been resolved in a satisfactory manner such that [Appellants'] home would be safe and appropriate for the adoption of [Child]."[1]  This finding is sufficient for this court to determine the basis of the

---

[1] Following Child's placement in Utah, Utah DCFS initiated a neglect investigation against Appellants and determined evidence supported a finding of neglect.  Based on a letter from Utah DCFS, Appellants had twenty-three children living in their

family court's ruling; thus, the order sufficiently complied with Rule 26(a), and a remand is unnecessary. *See Epperly v. Epperly*, 312 S.C. 411, 414, 440 S.E.2d 884, 886 (1994) (finding an order that succinctly stated "the evidence was insufficient to prove habitual drunkenness" was "adequate to enable [our supreme c]ourt to determine the basis for the ruling" and thus complied with Rule 26).[2]

Further, contrary to Appellants' argument, the family court held an evidentiary hearing on the adoption petition on February 1, 2018, where Hirschi and Elzey both testified. This hearing complied with the requirements of Rule 43(a), SCRCP. *See id.* ("In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules. All evidence shall be admitted which is admissible under the statutes or rules of evidence heretofore applied in the courts of this State."). During the February hearing, the family court asked about the status of the Utah neglect case and whether Utah DCFS would approve Child's placement with Appellants through the Interstate Compact for the Placement of Children (ICPC).[3] After hearing testimony, the court asked for an updated ICPC showing Utah DCFS approved the placement. Although the family court could have denied the adoption that day, it held the record open for Appellants to submit additional evidence. Thereafter, the only evidence the court received prior to issuing its order denying adoption was a letter from a Utah DCFS caseworker dated April 5, 2018. That letter, which merely stated Utah DCFS had "not been involved with the family since" February 22, 2018, did not give any specific information about the neglect case. More pertinently, it did not indicate whether Utah DCFS approved the ICPC placement. Without that information, the family court could not find the parties complied with the ICPC. Thus, the family court properly denied the adoption. *See* § 63-9-750(B)(7) (providing an adoption shall

---

home, many with special needs. Eleven of those children were under the age of seven, and nine were under the age of three.

[2] Even if the order did not comply with Rule 26(a), the de novo standard of review allows this court to make its own findings of fact, making a remand unnecessary. *See Griffith v. Griffith*, 332 S.C. 630, 646-47, 506 S.E.2d 526, 535 (Ct. App. 1998) ("[W]hen an order from the family court is issued in violation of Rule 26(a), SCRFC, the appellate court 'may remand the matter to the trial court or, where the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence.'" (quoting *Holcombe v. Hardee,* 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991))).

[3] *See* S.C. Code Ann. §§ 63-9-2200 to -2290 (2010) (setting forth procedures to be followed when placing a child out of state for foster care or adoption).

be granted to a nonresident if certain findings are made and "there has been compliance with [the ICPC]").

Further, the record from the April 24, 2018 hearing does not indicate Appellants attempted to introduce any additional evidence at that time. Because they did not attempt to submit evidence at that hearing, they cannot complain now on appeal that the court did not consider any evidence.[4]

Appellants next argue the family court improperly removed Child from their custody. They first contend the ex parte removal order did not contain findings of fact to support the court's decision. They further contend the court did not comply with section 63-7-720 of the South Carolina Code (Supp. 2018) or find Child was threatened with the risk of imminent and substantial harm as required by section 63-7-740 of the South Carolina Code (2010). Finally, they argue they were not afforded an opportunity to defend their custody of Child.

Initially, Appellants' reliance on section 63-7-720 is misplaced because that section addresses probable cause orders, and this was not a probable cause order. Likewise, any argument pertaining to the requirement of evidentiary hearings for permanency planning orders is misplaced because this was not a permanency planning order. The family court issued an ex parte removal order, which is governed by section 63-7-740.

The family court's order contained sufficient findings and complied with section 63-7-740. Although the family court did not separately find facts as required by Rule 52(a), it presented sufficient findings for this court to determine the basis of its ruling. Specifically, the court found (1) the adoption was not in Child's best interest, (2) the whereabouts or appropriateness of Child's biological parents was unknown, (3) probable cause existed "to believe that, by reason of abuse/neglect, there [was] imminent and substantial danger to the life, health, or physical safety of [Child]," and (4) Appellants did not consent to the removal. These findings were sufficient to order an ex parte removal under section 63-7-740. *See id*. (providing

---

[4] Appellants submitted additional evidence with their motion to reconsider. That evidence, however, did not indicate Utah approved the ICPC placement. To the contrary, a letter from a regional director of Utah DCFS expressed ongoing "concern[s] regarding [Appellants'] capacity to provide adequate care for the number of children with special needs in their home without additional supports and the wisdom of placing further children in this home." It further recommended a follow-up home study prior to the approval of an adoption.

the family court may issue an ex parte removal order if it determines "there is probable cause to believe that by reason of abuse or neglect there exists an imminent and substantial danger to the child's life, health, or physical safety," and the guardians with temporary custody "do not consent to the child's removal from their custody"). Further, the evidence before the family court—which showed Utah DCFS had concerns about the number of children in Appellants' home and placing another child in their home, Utah DCFS indicated a case of neglect against Appellants, Utah DCFS had been involved with the family and the resolution of that case was unclear, and it was unclear whether Utah DCFS approved the ICPC placement—supported the court's findings that adoption was not in Child's best interest, and probable cause existed to believe Child faced imminent and substantial danger to his life, health, or physical safety.

Finally, Appellants' reliance on Rule 43(a), SCRCP, is misplaced because ex parte removal orders do not contemplate full evidentiary hearings. Rather, the removal statutes require the family court to hold a probable cause hearing within seventy-two hours of the removal and a hearing on the merits within thirty-five days. *See* § 63-7-740(B) ("If the court issues [an ex parte removal order, DSS] shall conduct a preliminary investigation and otherwise proceed as provided in this subarticle."); S.C. Code Ann. § 63-7-710(A) (2010) ("The family court shall schedule a probable cause hearing to be held within seventy-two hours of the time the child was taken into emergency protective custody."); S.C. Code Ann. § 63-7-710(E) (2010) ("The hearing on the merits to determine whether removal of custody is needed . . . must be held within thirty-five days of the date of receipt of the removal petition."). The family court ordered a probable cause hearing within seventy-two hours; thus, it complied with section 63-7-740 and the removal statutes.

**AFFIRMED.**[5]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.